Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20584

v.

ROY LEE WHITSON, Jr.
_____/

# DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX    (1)    The Government moved for detention at the Defendant's first appearance pursuant to:

        XX    18 U.S.C. § 3142(f)(1).

        __    18 U.S.C. § 3142(f)(2).

__    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__    (1)    The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

   \_\_     (2)    The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

   \_\_     (3)    A period of less than five years has elapsed since

             \_\_    the date of conviction, **or**

             \_\_    the Defendant's release from prison for the offense described in finding (B)(1).

   \_\_     (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**    **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

       \_\_    for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

       \_\_    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

       \_\_    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

       \_\_    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

       \_\_    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

**D.**    **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

   \_\_     (1)    There is a serious risk that the Defendant will not appear.

   \_\_     (2)    There is a serious risk that the Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

__    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

The Government moves to detain and concedes that none of the presumptions in favor of detention apply.  Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f)(1)(D), the Court must consider the Defendant's circumstances under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves the illegal possession and sale of firearms.  I find that from the grand jury having returned an indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 28 years of years of age and has resided throughout his life in Saginaw. He has resided at an address on Brown Street for the last five years, and prior to that he resided at another address on the same street.  The Defendant has no meaningful employment history, although for the previous two months, he has volunteered for the Habitat for Humanity charity.  The Defendant conceded to

Pretrial Services that he has used marijuana for at least the last 14 years.   I note that an initial urinalysis test was negative for illegal controlled substances.

In 2002, the Defendant pled guilty to misdemeanor domestic violence.  In 2007, the Defendant was charged with various drug-related offenses and pled guilty to a misdemeanor maintaining a drug house charge.  He was placed on probation for 24 months. The Government proffers that the conduct charged in the Indictment took place while Defendant was on probation.  Also while on probation, in October of 2008, the Defendant pled nolo contendere to felony possession of cocaine less than 25 grams.  The Defendant is scheduled for sentencing in January of 2010.   Contact by the Pretrial Services Officer with the Defendant's state Probation Officer revealed that at the time of the Defendant's arraignment on this drug charge, he tested positive for both cocaine and marijuana.   The Government further proffers that the charges against the Defendant involve more than simple possession of firearms, but the sale of firearms to a confidential informant on more than one occasion.  The Government also proffers that there is evidence supporting a conclusion that the Defendant sought to sell these weapons in order to secure funds to buy drugs and that the Defendant told the confidential informant that the Defendant had additional weapons which he was seeking to sell.

In weighing the evidence presented under the standards of the Bail Reform Act, I note that several circuit and numerous district courts have held that continued drug dealing, such as that evidenced here, constitutes a danger to the community.  *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81

(2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002). In light of the fact that the Defendant's most recent drug charge and his plea, both came while the Defendant was on probation for an earlier drug-related offense, coupled with the urinalysis screening test by state authorities which was positive for both marijuana and cocaine, I am forced to conclude, under the standards of the Bail Reform Act, that the Government has shown by clear and convincing evidence that the Defendant poses a distinct danger to the community. In the alternative, I find that there are no conditions nor any combination of conditions which I could impose which would reasonably assure the safety of the community. The Government's motion to detain is therefore **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

　　　　　　　　　　　　　　　　　　　　s/ Charles E Binder
　　　　　　　　　　　　　　　　　　　　CHARLES E. BINDER
Dated: December 16, 2009　　　　　　　United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Jeffrey Rupp, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: December 16, 2009           By     s/*Jean L. Broucek*
                                  Case Manager to Magistrate Judge Binder